United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALEXIS JANAE SHANKLIN, ET AL., *Plaintiffs*, § v. § Civil Action No. 4:19-CV-3623 AMC ENTERTAINMENT HOLDINGS, INC., ET AL., *Defendants*. §

**MEMORANDUM AND RECOMMENDATION**

The Court held a video conference on the record in this personal injury and premises liability case on March 7, 2022.[1] The Court has an obligation to satisfy itself of the presence of subject matter jurisdiction and must raise the issue sua sponte if necessary. *Preston Hollow Cap., LLC v. Bouldin*, No. 3:19-CV-00185, 2020 WL 3549204, at *1 (S.D. Tex. Feb. 21, 2020) (citing cases), report and recommendation adopted, No. 3:19-CV-00185, 2020 WL 3542260 (S.D. Tex. June 30, 2020). Upon review of the record, the Court has determined that even if diversity jurisdiction existed at the time of removal,[2] it no longer exists.

As stated on the record at the conference, the parties agree that Plaintiffs' First Amended Complaint (ECF 20), filed on September 30, 2020, without objection from Defendants, is Plaintiffs' operative pleading in this case. The First Amended Complaint joins, by name, nine individual Defendants who were working as security officers at the AMC Theatres Gulf Pointe 30 movie theater in Houston, Texas, at the time of the alleged assault at issue in this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.§ 1447(c). Because the joinder of non-diverse defendants after removal destroys diversity jurisdiction, this

[1] The District Judge has referred this matter for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act. ECF 36.
[2] The Court issued a Show Cause Order directing Defendant to show cause why this case should not be remanded due to the presence of a likely non-diverse defendant, Jane Doe. ECF 34. Defendant AMC responded that pursuant to § 1441(b)(1) the citizenship of a party sued under a fictitious name is disregarded when determining diversity for purposes of removal. ECF 35. This case is unusual because the "Jane Doe" defendant was identified by name, DJ Davis, in the state court petition (ECF 1-1 at 4) and DJ Davis has been designated as a responsible third party in this case (ECF 27).

case must be remanded. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Cobb v. Delta Exports, Inc*., 186 F.3d 675, 677 (5th Cir. 1999) (citing *Hensgens v. Deere & Co*., 833 F.2d 1179 (5th Cir.1987) for rule that post-removal joinder of a non-diverse party, whether dispensable or not, destroys diversity jurisdiction). Therefore, the Court RECOMMENDS that this case be REMANDED to the state court from which it was removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 07, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge