United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

# United States District Court
# Southern District of Texas
# Houston Division

| | | |
|---|---|---|
| ALEXIS JANAE SHANKLIN and ERICA SHELTON,<br>　　　Plaintiffs,<br><br>vs.<br><br>AMC ENTERTAINMENT HOLDINGS INC, *et al*,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>4:19-cv-03623<br><br><br><br>Judge Charles Eskridge |

## Order Adopting
## Memorandum and Recommendation

Plaintiffs are Alexis Janae Shanklin and Erica Shelton. Defendants include AMC Entertainment Holdings Inc and its subsidiary, American Multi-Cinema Inc d/b/a AMC Theatres Gulf Point 30.

Plaintiffs assert that Shanklin attended a movie at AMC Theatres Gulf Point 30 on October 22, 2016. They allege that AMC security knew that during the movie Defendant Jane Doe and a group of her friends made threating statements directed at Shanklin. They further contend that after the movie Doe and her friends continued making threats, but when Shanklin attempted to wait inside the theatre for Shelton to arrive, AMC security forced her into the parking lot, where she was viciously attacked by Doe.

Plaintiffs brought action in state court asserting claims against the movie theater and Doe for negligence, assault, and infliction of bodily injury. Dkt 1-1 (original complaint). The action was removed based on diversity jurisdiction.

Dkt 1. Plaintiffs filed a first amended complaint on September 30, 2020, joining nine named Defendants and identifying Jane Doe as D. J. Davis. Dkt 20.

The parties filed separate discovery letters dated February 8, 2022. AMC sought leave to compel the depositions of Plaintiffs. Dkt 28. Plaintiffs sought leave to file a motion to compel AMC to supplement its "inadequate discovery responses." Dkt 29. This dispute was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 32.

Judge Bryan set the matter for hearing. Dkt 33. She also noted questions as to whether removal was proper based on diversity. Dkt 34. She determined at hearing that diversity of jurisdiction no longer existed, even if it existed at the time of removal. Dkt 37. She recommended that the case be remanded to state court. Id at 1, citing 28 USC § 1447(c) (remand mandatory where district court lacks subject matter jurisdiction any time before final judgment) and 28 USC § 1447(e) (remand proper where subject matter jurisdiction destroyed by joinder after removal).

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

No party objected. The pleadings, record, applicable law, and recommendations have been reviewed. No clear error or abuse of discretion appears on the face of the record, and the findings are not contrary to applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court.

This action is REMANDED to the 333rd District Court of Harris County, Texas.

The Clerk shall provide a copy of this Order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on March 30, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge